FILED
IN OPEN COURT

AUG 2 7 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.                                          Case No. 1:25-cr-227

KENNETH EMMANUEL LORA,

_Defendant_.

## CRIMINAL INFORMATION

### COUNT ONE

_(Conspiracy to Distribute 500 Grams or More of Methamphetamine, Fentanyl, and N-Pyrrolidino Etonitazene)_

THE UNITED STATES ATTORNEY CHARGES THAT:

Beginning in at least December 2023, and continuing through June 4, 2025, the exact dates being unknown, in Arlington, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant, KENNETH EMMANUEL LORA, knowingly and intentionally conspired with others both known and unknown to distribute controlled substances, to wit:

1. 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

2. a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance; and

3. a mixture and substance containing a detectable amount of 2-(4-Ethoxybenzyl)-5-nitro-1-(2-(pyrrolidin-1-yl)ethyl)-1_H_-benzimidazole, commonly referred to as _N_-Pyrrolidino Etonitazene, a Schedule I controlled substance.

in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).

(In violation of Title 21, United States Code, Section 846)

Count Two

*Distribution of a Counterfeit Substance Containing Fentanyl*

THE UNITED STATES ATTORNEY CHARGES THAT:

On or about January 12, 2024, in the Eastern District of Virginia and elsewhere, the defendant, KENNETH EMMANUEL LORA, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, which without authorization, bore the imprint and likeness of Mallinckrodt Pharmaceuticals, a manufacturer of controlled substances, which did not, in fact, manufacture such substance, and which substance was thereby falsely purported and represented to be the product of such other manufacturer.

(In violation of Title 21, United States Code, Section 841(a)(1) and (a)(2))

3

## FORFEITURE NOTICE

The defendant, KENNETH EMMANUEL LORA, is hereby notified, pursuant to Fed. R. Crim. P. 32.2(a), that upon conviction of any of the violations set forth in the Information, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

The defendant, KENNETH EMMANUEL LORA, is hereby notified, pursuant to Fed. R. Crim. P. 32.2(a), that upon conviction of the controlled substance offense alleged in Count 1 of the Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offense.

The property subject to forfeiture includes, but is not limited to, a monetary judgement in the amount of at least $97,273, which represents proceeds the defendant personally obtained as a result of his participation in the conspiracy to distribute controlled substance.

[CONTINUED ON NEXT PAGE]

4

Pursuant to 21 U.S.C. § 853(p), KENNETH LORA shall forfeit substitute property, if, by any act or omission of KENNETH LORA, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 21, United States Code, Section 853; Title 18, United States Code 924(d)(1); Title 28, United States Code 2461(c); and Fed. R. Crim. P. 32.2(a).)

Erik S. Siebert
United States Attorney

By: _____
Heather D. Call
Assistant United States Attorney